**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER S. TOMPKINS, | : | |
| Petitioner, | : | Civil Action No. 17-277 (MAS) |
| v. | : | **MEMORANDUM OPINION** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : | |
| Respondents. | : | |

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Christopher S. Tompkins. The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 cases through Rule 1(b). It appearing;

1. Petitioner's primary habeas challenge concerns the length of time and alleged procedural defects in adjudicating a prison disciplinary charge. Although not specifically pled, it appears that he is a convicted prisoner incarcerated under a valid sentence. (*See* Pet. 1, ECF No. 1.) Indeed, a search of the New Jersey online prisoner database shows that he was incarcerated on February 11, 2015 and is not eligible for parole until June 8, 2017. *See* https://www20.state.nj.us/DOC_Inmate/details?x=1506989&n=0 (last visited Feb. 21, 2017). Petitioner seeks to have his disciplinary reports reviewed and dismissed, and Petitioner returned to his previous status. (Pet. 8.)

2. Federal habeas relief, however, lies only upon challenges to the fact or duration of a petitioner's confinement, and when the petitioner seeks the relief of an immediate or speedier release from imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, Petitioner does not seek release from imprisonment, nor can he, because he is a convicted prisoner serving a valid sentence. Rather, what he seeks is a review of his disciplinary proceeding, which has not even concluded yet. The Third Circuit has already ruled that, under similar circumstances, there is no cognizable habeas claim. *See Levi v. Holt*, 193 F. App'x 172, 175 (3d Cir. 2006) ("[Petitioner's] transfer to the Special Housing Unit and the loss of various privileges . . . cannot be challenged under § 2241 because in no manner do they affect the fact or length of his sentence or confinement."). Instead, the appropriate remedy is a civil rights action. *See Preiser*, 411 U.S. at 494 (stating that if a plaintiff is "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release . . . habeas corpus is not an appropriate or available federal remedy," and the attack should "be brought under the Civil Rights Act in federal court."); *Levi*, 193 F. App'x at 174 n.2. As such, the Petition fails to state a claim upon which relief may be granted.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Date: Feb. 23, 2017